UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DOMINGO MEDINA,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, OFFICERS DONALDSON
Badge # 8268, INGRASSIA Badge # 11159
and "JOHN DOES" 1 through 7,

       Defendants.
-------------------------------------------------------------x

COMPLAINT

JURY TRIAL DEMANDED

BLOCK, J.

REYES, M.J

SUMMONS ISSUED

CV 10 - 5922

  Plaintiff, Domingo Medina, by his attorneys, Ofodile & Associates, P.C., complaining of the Defendants – the City of New York (hereinafter also referred to as "City"), Police Officer Donaldson, badge # 8268, and Police Officer Ingrassia, Badge # 11159– upon information and belief, alleges as follows:

### NATURE OF ACTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the constitution of the United States, and by 42 U.S.C. §§ 1981, 1983, [and § 1985] against City of New York and its agents at New York Police Department that caused Plaintiff loss of freedom, significant financial loss, as well as emotional and mental distress.

2. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious, careless, and negligent acts of the City of New York, and some of its Police Officers.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Constitution, and by 42 U.S.C. §§ 1981 and 1983 and under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. Venue is proper because the events complained of occurred in the County of Kings, which is in the Eastern District of New York.

## PARTIES

5. During all times relevant and material to this Complaint, Plaintiff Domingo Medina was a citizen of the United States residing in Kings County, New York, within the jurisdiction of this Court.

6. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

2

7. During all times relevant and material to this case, Defendant Police Officer Donaldson, badge # 8268 was employed by Defendant City of New York through its Police Department.

8. During all times relevant and material to this case, Defendant Police Officer Ingrassia, badge # 11159 was employed by Defendant City of New York through its Police Department.

9. During all times relevant and material to this case, the actions of Defendant Police Officers Donaldson and Ingrassia complained of herein were done as part of the custom, practice, usage, regulation, and/or direction of Defendant City of New York, and Defendant City is as such responsible for the actions of these individual Defendants.

10. During all times relevant and material to this case, Defendants Police Officers, Donaldson and Ingrassia were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of Defendant Police Officer under the principal-agent/*respondeat superior* theory.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

11. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York on or about August 20, 2008, to the person designated by law as one to whom a summons against

3

Defendant City of New York may be delivered in an action in the Supreme Court, and was given Claim Number (2008PI0200810).

12. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about July 12, 2008 at about 3:00 am, Plaintiff was at a block party when he was approached by Defendant Police Officers. The Officers asked Plaintiff to step forward. When Plaintiff complied, Defendant Officers then asked Plaintiff for his Identification (ID). When Plaintiff reached in his pockets for his ID, three Police Officers rushed towards Plaintiff.

14. One Officer held him on his left shoulder, the other held him on his right and one held him on his back. They started to push Plaintiff. Plaintiff told them to get off of him.

15. Seeing how roughly Plaintiff was being handled a party goer threw a bottle towards the area where the officers were standing.

16. At that moment the Defendant Officers threw Plaintiff violently to the ground and started beating him. Plaintiff was rendered semi-unconscious when they hit his head to the ground, kicked him on his back, and punched him all over. Plaintiff attempted to hide his face as they punched him repeatedly. Plaintiff was beaten so badly that people at the scene thought that

4

he was dead.

17. Officers then pulled Plaintiff from the ground, and held him towards the Police car. Instead of putting Plaintiff inside, Defendant Officers threw Plaintiff towards the car, causing Plaintiff's face to hit the trunk of the car and his stomach to hit the car. Defendant Officers then opened the door and tossed Plaintiff inside.

18. After a couple of minutes, an officer approached the car from Plaintiff's left side and one approached from his right. They started hitting Plaintiff on his legs stomach, head, shoulder and bending his legs. They then pressed down on his cuffs. Plaintiff heard his brother-in-law ask for where he was at.

19. As officer were beating Plaintiff, Plaintiff kicked at the window to alert his brother in law and others of the unlawful assault and excessive use of force that was taking place in the car. Defendant Officer in front of Plaintiff then held Plaintiff's head up, while another Officer held Plaintiff's legs down and yet another Officer punched Plaintiff in his face. Plaintiff soon afterwards lost consciousness.

20. Plaintiff regained consciousness and found himself at the Police Precinct. At the Precinct Plaintiff was still wavering in and out of consciousness when an ambulance arrived and took him to Brookdale hospital. At the hospital Plaintiff was told that he had an 11 inch laceration and that he would need five stitches. Plaintiff told the doctors that he wanted to show

the judge the lacerations.

21. Plaintiff did not get to see a judge until Sunday night. Plaintiff's bail was set at $1500 cash plus $25 charge. Plaintiff was released on Monday night. The criminal action against the Plaintiff was dismissed in his favor on January 27, 2010.

22. Plaintiff then went to VA hospital at Fort Hamilton where he was told that he had nerve damage, cervical and lumber pain. Plaintiff was charged with assault in the Second Degree.

23. As a result of the Defendants' actions on Plaintiff, Plaintiff sustained severe physical, emotional and mental injuries and also lost his job as a state security employee where he made $24,000.00 a year and has been unemployed since and continues to suffer both physical, emotional and financial damages as a result..

## AS FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if each paragraph is repeated verbatim herein.

25. Plaintiff was arrested and imprisoned without probable cause in violation of his rights not be arrested without probable cause as guaranteed to him by the 4th and 14th amendments and by 42 U.S.C § 1983, and in violation of his common law rights that prohibits

arrest without reasonable cause.

## AS FOR A SECOND CAUSE OF ACTION

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. Plaintiff was subjected to excessive use of force at the hands of Defendant Police Officers and each of them in violation of 42 U.S.C. § 1983 and Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable, unnecessary, and wanton use of force.

## AS FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. Plaintiff was maliciously charged with and prosecuted in violation of plaintiff's right to be free from malicious prosecution protected by the 4th and 14th Amendments and by 42 U.S.C. § 1983, and in violation of common law.

## AS FOR A FOURTH CAUSE OF ACTION

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. Defendant Police Officers and each of them were acting as agents of Defendant City of New York (through its Police Department) when they violated Plaintiff's, constitutional, statutory and common law rights. Therefore, under the common law principal agent/*respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendant Police Officers and each of them for the general and specific damages Plaintiff sustained as well as for the costs and disbursements of the action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

**For each of the constitutional and statutory violations hereinabove complained of:**

i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his physical, emotional, and mental distress – against all Defendants, jointly and severally;

ii. specific damages in the amount that it cost Plaintiff to defend himself in Court as a result of Defendants' actions – against all Defendants, jointly and severally;

iii. specific damages for the income that Plaintiff lost and for future lost wages as a result of Defendants' actions – against all Defendants, jointly and severally;

iv. punitive damages in an amount sufficient to punish Defendants' and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

v. attorneys' fees and the costs and disbursements of this action – against all

8

Defendants, jointly and severally; and

vi. such other relief as the court deems just and proper.

**For each of the common law and statutory violations hereinabove complained of:**

i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his physical, emotional and mental distress – against all Defendants, jointly and severally;

ii. specific damages in the amount that it cost Plaintiff to defend himself in Court as a result of Defendants' actions – against all Defendants, jointly and severally;

iii. specific damages for the income that he lost as a result of Defendants' actions – against all Defendants, jointly and severally;

iv. punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

v. the costs and disbursements of this action; and

vi. such other relief as the court deems just and proper.

9

Dated: Brooklyn, New York
December 20, 2010

                        OFODILE & ASSOCIATES, P.C.
                        Attorneys for Plaintiff Domingo Medina

                        By: _____
                        ANTHONY C. OFODILE, ESQ. (AO-8295)
                        498 Atlantic Ave.
                        Brooklyn, NY 11217
                        Tel. No.: (718) 852-8300